INHABITANTS OF CLINTON, *in review*, *versus* INHABITANTS OF BENTON.

Where an Act has been passed dividing a town, incorporating a part of it into a new town, and providing for the proportional support of the paupers then chargeable, it does not affect the settlement of persons afterwards becoming chargeable, but all questions relating to the settlement of the latter must be determined by the general law.

If, in case of such a division, the two towns, by agreement, apportion the paupers by name between them, and support them accordingly, this does not affect the settlement of the paupers, although the contract may be binding.

If one of such paupers, who has gained his settlement in the territory not embraced in the new town, is, by the apportionment, assigned to said new town for support, not only does his legal settlement remain in the old town, but his children born after the apportionment have their settlement there also, until he or they acquire a new one.

Overseers of towns bound by law to relieve persons in distress may do it in such manner as they deem best, acting reasonably and in good faith, by contracting for their board or otherwise.

Towns called upon to supply paupers are entitled to the avails of their industry, and are only required to contribute when that industry and the means of the paupers fail to afford a comfortable support.

Where one town was by agreement bound to support the pauper and his wife, and the settlement of his children was in another, the latter may be held to pay for supplies furnished for the children, although the father, by his industry, is able to support himself and wife, provided he can do no more.

THE inhabitants of Benton brought an action of ASSUMP-SIT, against the inhabitants of Clinton, for supplies to the amount of $32,16 cents, furnished to four minor children of David Goodale, alleged to have their legal settlement in Benton. In this action, judgment was given for the plaintiffs. The defendant town petitions for a review.

The following facts are agreed upon : —

In March, 1842, the town of Clinton was divided, and the southern portion incorporated into a new town by the name of Sebasticook, since changed to Benton. By the Act of division, § 3, it was provided, that the town of Sebasticook "shall be holden to pay their proportion for the support of all paupers *actually chargeable upon the town of Clin-*

*ton*, at the time of the passage of this Act, to be ascertained as in the foregoing section." The section referred to provides, that all taxes assessed, which remained unpaid, shall be collected and paid into the treasuries of said towns of Clinton and Sebasticook, "in the proportions in which said assessments were made on polls and estates pertaining to said towns respectively; and all debts due from said town of Clinton, shall be paid by said towns in said proportions, and all funds, and all personal and real property, belonging to said town of Clinton, shall be owned and divided between said towns in the same proportions, the same to be ascertained by the last valuation of the town of Clinton."

In compliance with this provision, the two towns agreed to a division of all the paupers actually chargeable upon the town of Clinton at the time of the passage of said Act, and each town took its proportion of said paupers. In said division, made by an authorized committee from each town, amongst others, David Goodale, wife, and four children, being all the children Goodale then had, were assigned to Sebasticook, now Benton, which town has furnished Goodale's family, as paupers, with more or less supplies every year since, up to the time the cause of this action accrued. Goodale had gained a settlement in the town of Clinton, by living on that portion of its territory which remained Clinton, never having lived on the portion included in Sebasticook, prior to the Act.

The four children for the expense of whose support this action was brought, were born after the above mentioned division of paupers, and Goodale's family, at the time the supplies were furnished, consisted of himself, wife and these four children. It was agreed between him and the overseers of Benton, that he should receive two dollars a week for the support of these children, he stating that, in such case, he could and would support himself and wife.

If the Court should be of opinion that the original defendants are chargeable, the amount of their liability is agreed upon as the sum above stated; and the Court may

draw such inferences as a jury might, and enter such judgment as the law and facts require.

*J. W. North*, for the petitioners in review, argued that the report of the joint committees of the two towns, accepted by the towns themselves, determined the settlement of the several paupers named in the report. The children follow the settlement of their father. *Shrewsbury* v. *Boylston*, 1 Pick., 105; *Westborough* v. *Franklin*, 15 Mass., 254; *West Boylston* v. *Boylston*, 15 Mass., 261. It was so understood by the towns, and Benton supported the whole family for 12 or 15 years accordingly.

If the town of Benton can recover for the supplies furnished to the four children, they cannot recover for the whole amount furnished to the family, as the father and mother were to be supported by Benton. In that case, they should recover not more than a proportionable part of the amount sued for.

*C. Hinds*, for the defendants in review.

The settlement of Goodale was in the present town of Clinton when the Act of division was passed. The Act provided for the paupers then in the town to be divided proportionally, and this was done. It made no provision for determining the settlement of paupers, nor as to the support of prospective paupers.

It was expressly provided, in the report of the committee who apportioned the paupers, that "any individual connected with the paupers" so apportioned "shall not be affected by this assignment, but shall remain as though this assignment were not made."

Goodale's settlement having been in Clinton as now bounded, at the time of the division, remains so still, he having acquired no new one since. The town of Benton receiving and supporting Goodale and his then family, pursuant to the appointment made, was a mere matter of contract, and did not affect their settlement. *West Boylston* v. *Boylston*, 15 Mass., 261; *Brewster* v. *Harwich*, 4 Mass., 278. No con-

tract, however binding, as to the support of paupers, can transfer their legal settlement. *Westborough* v. *Franklin*, 15 Mass., 254.

The children of Goodale, born since the division of the town, were not provided for in the apportionment of paupers made at that time. Being minors, they have acquired no settlement of their own; and, their father having acquired no new settlement since that time, they must follow the settlement he then had. *Brewer* v. *East Machias*, 27 Maine, 489.

The town had a right to contract for the support of persons in distress belonging to another town, although the contractor was their father, he not being of sufficient ability to support them, and may recover for the supplies furnished, though the recovery be for the benefit of the contractor. *Calais* v. *Marshfield*, 30 Maine, 511.

The original plaintiffs should recover for the full amount of the supplies furnished, unless it is considered that, when Goodale is not able to support the children, the town of Benton should support him and his wife as paupers, although he may be able to support himself and wife without the children. In that case, Clinton should be held to pay for that proportion of the supplies consumed by the children. *Hampden* v. *Bangor*, 41 Maine, 484.

The opinion of the Court was drawn up by

RICE, J.—Chapter 32 of R. S. of 1841, § 1, clause 4, makes general provision for the settlement of paupers in case of division of towns, or the incorporation of new towns from part or parts of one or more old towns.

The Act incorporating the town of Sebasticook modified the general statute so far as the support of the paupers then actually chargeable on the town of Clinton was concerned, by providing that each town should contribute to the support of such paupers in the proportion to their polls and estates, as ascertained at the valuation of the town of Clinton then last taken.

By a contract entered into between the authorized agents of the two towns, dated April 8, 1842, the future support of the existing. paupers, for which they were jointly liable,. was provided for by a division of the persons .then chargeable, and an assignment thereof to the respective towns. By this arrangement, David Goodale, with the family he then had, was to be supported, or provided for, by the town of Sebasticook, and Goodale has been a recognized pauper of the town of Sebasticook, from that time to the present, having received supplies as a pauper every year. His original settlement, however, had been gained in that part of Clinton which was not included in the new town. The four children, whose settlement is now the subject of contest, have been born since the incorporation of Sebasticook, and since the date of the contract between the towns already referred to.

The Act incorporating Sebasticook, so far as it modified the ' general statute in relation to paupers, and the contract between the towns, refers only and in terms to paupers actually chargeable upon the town of Clinton at the time of the passage of the Act of division. All other questions of settlement must be determined by the general law. *West Boylston* v. *Boylston*, 15 Mass., 261.

It appearing that the legal settlement of David Goodale was in Clinton, and there being no evidence that he had obtained a settlement elsewhere, he having been supported by Sebasticook only by virtue of the contract of April 8, 1842, his minor children, born since that time, obtained a derivative settlement from him in the town of Clinton.

Overseers are to relieve persons destitute, found in their towns and having no settlement therein. R. S., c. 24, § 24. To authorize such relief, the persons relieved must be destitute ; and the relief furnished must also be reasonable and proper. The statute does not prescribe the manner in which this relief shall be administered, whether personally by the overseers, or by contract with other parties. This must be left, in the first instance, to the sound discretion of the .

overseers, who are bound to act reasonably and in good faith.

It was the duty of Goodale to support not only himself and wife, but his minor children also, if of sufficient ability. If, however, he was unable to support his minor children, they not being emancipated, and they became chargeable, he thereby became a pauper. *Garland* v. *Dover*, 19 Maine, 441.

Independent of the contract, the whole family would have been chargeable upon the town of Clinton, Sebasticook (now Benton) being liable, under the Act, to contribute its proportion, if anything, to the support of Goodale and his wife. Under the contract, the minor children, only, are chargeable to Clinton, and to their support Benton is not bound to contribute.

Towns are entitled to the avails of the industry of their paupers, and are required to contribute only when that industry or other means of the pauper fail to afford a comfortable support. Sebasticook was, therefore, entitled to the avails of the industry of Goodale and his wife for their support, and it was only when there was a surplus of avails, or when Goodale ceased to be a pauper on his own account or that of his wife, that such surplus could be appropriated to relieve the town of Clinton from the support of the minor children.

The evidence proposed, tends to show that without the children the parents would be able to support themselves, and that the supplies furnished were, in this instance, rendered necessary, wholly for the relief of the children.

Assuming such to be the fact, no reason is perceived why the town of Clinton should not be chargeable for those supplies which were actually furnished, and which were necessary for the relief of the children. If Goodale, after supporting himself and wife, contributed in part to the support of his children, by his surplus earnings, he did no more than his duty; and, for such surplus, neither he nor Sebasticook are entitled to recover. It is only for the supplies which

were necessary, and which were furnished by the town, beyond what the father was able to furnish, that the defendants are liable. This would seem to be the sum of $32,16, as per bill of items rendered. For that sum, the original plaintiffs are entitled to judgment, with interest from date of demand, and costs.

TENNEY, C. J., MAY, GOODENOW and KENT, JJ., concurred.